|  |  |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                   )<br>            Plaintiff,             )<br>                                   )<br>       v.                          )<br>                                   )<br>                                   )<br>                                   )<br>RICARDO SANDOVAL MENDOZA,          )<br>                                   )<br>            Defendant.             )<br>_____) | ***E-FILED - 7/11/14***<br><br>Case No.  CR-01-40201-DLJ<br><br>**ORDER** |

On September 18, 2003 defendant Ricardo Sandoval Mendoza (Mendoza) was convicted of a violation of 21 U.S.C. § 845, conspiracy to possess with intent to distribute methamphetamine, and 21 U.S.C. § 841(a)(1), aiding and abetting possession with intent to distribute methamphetamine.  On February 6, 2004, the Court sentenced Mendoza to the mandatory minimum sentence of 20 years in prison, followed by 5 years of supervised release. This sentence was based in part on the Court's finding that defendant had a prior felony drug conviction.

On February 13, 2004 defendant appealed his sentence.  The Court of Appeals affirmed the conviction but granted "a limited remand to allow the district court to determine whether it would have imposed a different sentence if it had viewed the Sentencing Guidelines as advisory."

At a hearing on May 29, 2007, this Court reaffirmed defendant's sentence of 20 years and 5 years of supervised release. Defendant appealed once again, and on that appeal raised for the first time the issue of whether his prior state drug conviction was

a "felony drug offense." On July 11, 2008 the Court of Appeals affirmed this Court's order re-sentencing defendant and found:

> Sandoval-Mendoza's counsel has filed a brief stating there are no grounds for relief, along with a motion to withdraw as counsel of record. Sandoval-Mendoza has filed a *pro se* supplemental opening brief and a *pro se* reply brief. The government has filed an answering brief. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 80-81 (1988), discloses no arguable grounds for relief on direct appeal.

On July 24, 2008 defendant petitioned the Ninth Circuit for rehearing and rehearing en banc. The Ninth Circuit denied the petition on October 20, 2008. Although this Court has no record of a petition for *certiori* being filed in this case, defendant indicates that one was filed, and that it was denied in December 2008.

More than two years later, on March 25, 2011, defendant filed a Motion under 28 U.S.C. § 2255 collaterally attacking his sentence and moving to vacate it. Defendant's motion was filed *pro se*. Defendant alleges, for the first time, ineffective assistance of counsel, asserting that his trial counsel failed to apprise him of the option of entering an open plea, prior to the government having filed for the sentencing enhancement based on defendant's prior conviction (pursuant to 21 U.S.C. § 851). Defendant does not put forth any reasons why, if this were the case, he not aware of the alleged defects by his counsel in a timely fashion.

Defendant has amplified this original collateral pleading

2

through an amendment filed in June 2011, and also through a subsequent Motion for Reduction of Sentence, filed with the benefit of counsel in February 2014.

I. Legal Standard

    A. 2255 Motions

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs all federal habeas petitions filed after the effective date of the AEDPA, April 25, 1996. Woodford v. Farceau, 538 U.S. 202, 204-207 (2003).

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or his sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence.

Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003).

However, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Id. at 509.

An evidentiary hearing is not automatically required on every Section 2255 petition. Coco v. United States, 569 F.2d 367, 369 (5th Cir. 1978). A petitioner need not detail his evidence, but must make specific factual allegations which, if true, would entitle him to relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). A hearing need not be ordered where, viewing the petition against the record, its allegations do not state a claim for relief or are so palpably incredible or so patently frivolous or false as to warrant summary dismissal. Id.

B. Timeliness

The time line for bringing an action under 28 U.S.C. § 2255 is as follows:

   (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

   (1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2255(f)

C. <u>Ineffective Assistance of Counsel</u>

A claim for ineffective assistance of counsel is subject to the two-prong test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). A lawyer's performance is constitutionally deficient only when it "so undermines the proper functioning of the adversarial process that the [proceedings] cannot be relied upon as hav[ing] produced a just result." <u>Id</u>. at 687.

A petitioner claiming ineffective assistance of counsel bears the burden of demonstrating that, under all the circumstances of his case, (1) his counsel's performance was so deficient that it fell below an "objective standard of reasonableness" and (2) his counsel's deficient performance prejudiced him, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Hensley v. Crist</u>, 67 F.3d 181,184-85 (9th Cir. 1995). Furthermore, "[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." <u>United States v. Ferreira-Alameda</u>, 815 F.2d 1251, 1253 (9th Cir. 1987).

An evidentiary hearing is not required "if the petitioner's allegations, when viewed against the record, fail to state a claim

for relief." United States v. McMullen, 98 F.3d 1155, 1158 (9th Cir. 1996).

II. Discussion

As noted above, generally the time to bring an action under 28 U.S.C. § 2255 is one year from the date the judgment of conviction became final. The judgment becomes final once all avenues of appeal have been exhausted. There is no record of defendant's *certiorari* petition to the Supreme Court. However, in his motion, defendant indicates that the petition was denied in December, 2008. Giving defendant the benefit of the doubt that the petition was denied on December 31, 2008, absent some other circumstances, the latest date defendant could have timely filed his § 2255 petition would have been December 31, 2009. Defendant filed his original § 2255 petition on March 25, 2011.

Defendant makes no allegation of any government impediment to the filing of his motion. See § 2255(f)(2). Nor does he claim that there are any newly discovered facts upon which his motion is based. See § 2255(f)(4).

In his original § 2255 petition defendant raises a case which he asserts the Court needs to consider relative to the issue of timeliness. Defendant argues that the Supreme Court case of Padilla v. Kentucky, 559 U.S. 356 (2010) "recognized a new right which is retroactively applicable on collateral review, thereby bringing his case within the rewind provision of § 2255." Petition

6

at p.5. However, in the subsequent case of <u>Chaidez v. U.S.</u>, 133 S. Ct. 1103 (2013) the Supreme Court clearly ruled that <u>Padilla</u> is not to be applied retroactively, and that "defendants whose convictions became final prior to <u>Padilla</u> . . . cannot benefit from its holding." <u>Id</u>. at 1113. Therefore, defendant's argument that <u>Padilla</u> recognized a new right which could be retroactively applied to his case, making his case timely filed, is unavailing under <u>Chaidez</u>.

In the most recent filing, counsel for defendant has argued that this Court has continuing jurisdiction over this matter to reduce defendant's sentence not only pursuant to 28 U.S.C. § 2255, but also pursuant to 18 U.S.C. § 3582(c)(1)(B) and 18 U.S.C. § 3553(a).

18 U.S.C. § 3582(c)(1)(B) provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Defendant then specifically refers back to 18 U.S.C. § 2255 as the statutory basis which would permit modification of his sentence. Motion for Reduction of Sentence at 4:1-2. Invoking 18 U.S.C. § 3582 does not, however, remove defendant from the filing deadlines of § 2255, which have past.

Defendant then argues that under <u>Carachuri-Rosendo v. Holder</u>, 560 U.S. 563(2010), this Court could have found that defendant's prior felony conviction did not count toward the guidelines

7

calculation of his sentence and the ultimate imposition of the mandatory minimum in his case.  Assuming *arguendo* that the holding in <u>Carachuri-Rosendo</u> were applicable to defendant, that case neither states a newly recognized right, nor is its holding to be applied retroactively.  <u>See</u> <u>United States v. Powell</u>, 691 F.3d 554, 560 (4th Cir. 2012)(<u>Carachuri</u> is best understood as articulating a procedural rule rather than a substantive one and therefore not retroactively applicable to cases on collateral review). Therefore, the <u>Carachuri</u> case does nothing to rescue defendant from the AEDPA filing deadlines which had long since passed when defendant filed his § 2255 petition.

Finally, defendant argues that equity compels the Court to modify defendant's sentence pursuant to the sentencing factors discussed in 18 U.S.C. § 3553(a).  Even were the Court inclined to modify defendant's sentence, which it had ample opportunity to do previously upon re-sentencing and declined to do, invocation of 18 U.S.C. § 3553 does not relieve defendant from the timeliness requirement of 18 U.S.C. § 2255 or provide the Court any independent basis for jurisdiction over this matter.


IV.   <u>Conclusion</u>

The Court finds that Mendoza has made no showing of a reason for extending the time to file under § 2255, and as his petition and subsequent filings are all time-barred, his 28 U.S.C. § 2255

8

petition, and his Motion for Reduction of Sentence are both DENIED.

**IT IS SO ORDERED**

Dated: 7/10/14              _____

D. Lowell Jensen
United States District Judge

```
        Copy of Order Mailed on 7/11/14 to:
```

Ricardo Sandoval-Mendoza
    95687-011
Taft Correctional Institution
P.O. Box 7001/A2D
Taft, CA 93268
PRO SE